| IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (If individual, enter Last, First, Middle): WAINIONPAA, ERIK DAVID | Name of Joint Debtor (Spouse) (Last, First, Middle): WAINIONPAA, ERICA KRISTINE |
|---|---|
| All Other Names used by the debtor in the last 8 years (Include married, maiden and trade names): ERIK D. WAINIONPAA ERIK WAINIONPAA | All Other Names used by the joint debtor in the last 8 years (Include married, maiden and trade names): ERICA K. WAINIONPAA ERICA WAINIONPAA |
| Last four digits of Soc. Sec. or Individual Taxpayer ID (ITIN) No./Complete EIN (If more than one, state all): 3972 | Last four digits of Soc. Sec. or Individual Taxpayer ID (ITIN) No./Complete EIN (If more than one, state all): 8407 |
| Street Address of Debtor (No. And Street, City and State): 2761 South Bahama Court, Aurora, CO 80013 | Street Address of Joint Debtor (No. And Street, City and State): 2761 South Bahama Court, Aurora, CO 80013 |
| County of Residence or Principal Place of Business: Arapahoe | County of Residence or Principal Place of Business: Arapahoe |
| Mailing Address of Debtor (If different from street address): Same | Mailing Address of Joint Debtor (If different from street address): Same |

| Location of Principal Assets of Business Debtors (If different from addresses listed above): Same |
|---|

**Type of Debtor**
(Form of Organization)
(Check one Box)

☒ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below:

_____

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

_____

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☒ Chapter 7     ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 9     ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. 101(8) as "incurred by an individual primarily for a personal, family or household purpose."
☒ Debts are primarily business debts

**Filing Fee** (Check one box)

☒ Full filing fee attached

☐ Filing fee to be paid in installments (applicable to individuals only). Must attached signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box

☐ Debtors is a small business debtor as defined in 11 U.S.C. 101(51D)

☐ Debtors is not a small business debtors as defined in 11U.S.C. 101(51D)

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates and funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

| **Voluntary Petition** | Erik D. Wainionpaa and Erica K. Wainionpaa | THIS SPACE FOR COURT USE ONLY |
|---|---|---|

**Estimated Assets**

| ☐ $0 - $50,000 | ☐ $50,001 - $100,000 | ☒ $100,001 - $500,000 | ☐ $500,001- $1 million | ☐ $1,000,001- $10 million | ☐ $10,000,001- $50 million | ☐ $50,000,001- $100million | ☐ $500,000,001- $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 - $50,000 | ☐ $50,001 - $100,000 | ☒ $100,001 - $500,000 | ☒ $500,001- $1 million | ☐ $1,000,001- $10 million | ☐ $10,000,001- $50 million | ☐ $50,000,001 $100Million | ☐ $500,000,001- $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|

---

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed<br>None | Case Number | Date Filed |
|---|---|---|
| Location Where Filed | Case Number | Date Filed |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor<br>None | Case Number | Date Filed |
|---|---|---|
| District | Relationship | Judge |

---

| **Exhibit A** | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts) |
|---|---|
| (To be completed if debtor is required to file periodic reports (eg forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities and Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. 342(b).<br><br>_X_____  _9/2/10_<br>Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a party of this petition

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D)

☒ Exhibit D completed and signed by the debtor is attached and made a party of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a party of this petition.

---

**Information Regarding the Debtor - Venue**

(Check any applicable box)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sough in this District

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐  Landlord has a judgment against the debtor for possession of debtor's resident. (If box checked, complete the following:

Name of landlord that obtained judgment

Address of landlord

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. 362(l)).

| **Signature(s) of Debtor(s)  (Individual/Joint)** | **Signature of Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.  [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7]  I am aware that I may proceed under Chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. 342(b).<br>I request relief in accordance with the Chapter of Title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| _____<br>Signature of Debtor<br><br>_____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>9 / 2 / 2010<br>_____<br>Date | _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| **Signature of Attorney** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| _____<br>Signature of Attorney for Debtor(s)<br><br>Peggy E. Stevens<br>Law Offices of Peggy Stevens, P.C.<br>PO Box 260271<br>Lakewood, CO 80226-0271<br>303-274-4300<br>9/2/10<br>_____<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>_____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | Address<br>_____<br><br>_____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number if provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. 110; 18 U.S.C. 156.* |

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### District of Colorado

In re Erik David Wainionpaa
　　　　　　Debtor

Case No._____
　　　(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                                        Page 2

     ❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

     **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

     ❐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

          ❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
          ❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
          ❐ Active military duty in a military combat zone.

     ❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

     **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _(signature)_

Date: 9/2/2010

Certificate Number: 00121-CO-CC-011576203

||||||||||||||||||||||||||||||||||||||||||||||||||||||

00121-CO-CC-011576203

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>July 8, 2010</u>, at <u>2:07</u> o'clock <u>PM MDT</u>, <u>Erik D. Wainionpaa</u> received from <u>Community Credit Counseling Services</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Colorado</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by telephone</u>.

Date:   <u>July 8, 2010</u>                          By:   <u>/s/Elizabeth Ludchak</u>

Name:   <u>Elizabeth Ludchak</u>

Title:   <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re Erica Kristine Wainionpaa
         Debtor

Case No._____
        (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Elon Wainwright*

Date: 9/2/10

Certificate Number: 00121-CO-CC-011576204



00121-CO-CC-011576204

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>July 8, 2010</u>, at <u>2:07</u> o'clock <u>PM MDT</u>, <u>Erica K. Wainionpaa</u> received from <u>Community Credit Counseling Services</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Colorado</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by telephone</u>.

Date: <u>July 8, 2010</u>          By:   <u>/s/Elizabeth Ludchak</u>

                              Name:  <u>Elizabeth Ludchak</u>

                              Title:  <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

In re: Erik D. Wainionpaa and Erica K. Wainionpaa

Case No. _____

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Does, guardian." Do not disclose the child's name. See, 11 U.S.C. 112 and Fed.R.Bankr.P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None", mark the box labeled "None".** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business". A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider". The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101.

---

1. **Income from employment or operation of business**

☐ None

State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $11,200 | 2010: ABS Computer Rentals, Inc. |
| $3,972 | 2010: Palo Duro Hardwoods |
| $ 48,283 | 2009: ABS Computer Rentals, Inc. |
| | 2009: Colorado Community Church |
| $ 82,356 | 2008: ABS Computer Rentals, Inc. |
| | 2008: Colorado Community Church |
| | 2008: Kohl's |

2. **Income other than from employment or operation of business**

☒ None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| | |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                 Case No. _____

**3.      Payments to creditors**
*Complete a. or b., as appropriate, and c.*

☐ None

a.      *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts, to any to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Not applicable

☒ None

b.      *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

☒ None

c.      List all payments made with **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.      Suits and administrative proceedings, executions, garnishments and attachments**

☒ None

a.      List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

☒ None

b.      Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE OF PROPERTY | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.      Repossessions, foreclosures and returns**

☒ None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.      Assignments and receiverships**

☒ None

a.      Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include an assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                Case No. _____

☒ None
b.      List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7.      Gifts

☐ None
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 12 or Chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Goodwill Industries | No relationship | 12/2009 | Various household items $100 est |
| Colorado Community Church | No relationship | 12/2009 | $100 |

### 8.      Losses

☒ None
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under Chapter 12 or Chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9.      Payments related to debt counseling or bankruptcy

☐ None
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorney, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Peggy E. Stevens PO Box 260271 Lakewood, CO 80226-0271 | 5/11/2010 | $                2,500.00 |

### 10.      Other transfers

☒ None
a.      List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

☒ None

   b.       List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRAN-SFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| | | |

### 11.     Closed financial accounts

☐ None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| State Farm Credit Union | Savings Account<br>Acct No Unknown | 5/2009<br>$1,200.00 |
| USBank | Checking Account<br>1925 | 12/2009<br>Amount unknown |
| USBank | Savings Account<br>9588 | 12/2009<br>$8.00 |

### 12.     Safe deposit boxes

☒ None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER IF ANY |
|---|---|---|---|
| | | | |

### 13.     Setoffs

☒ None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor made within **90 days** preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| | | |

### 14.     Property held for another person

☒ None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| John Wainionpaa | 1969 Mustang<br>Value Unknown | Debtors' home garage |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                          Case No. _____

**15.      Prior address of debtor**

☒ None
If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| | | |

**16.      Spouses and Former Spouses**

☐ None
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Not applicable.

**17.      Environmental Information**  For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waster, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

☒ None
        a.        List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

☒ None
        b.        List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

☒ None
        c.        List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

**18.      Nature, location and name of business**

☐ None
        a.        *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

                 *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, with the **six years** immediately preceding the commencement of this case.

In re: Erik D. Wainionpaa and Erica K. Wainionpaa     Case No. _____

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAX-PAYER I.D. NO./ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| ABS Computer Rentals Inc. | 37-1449603 | 1690 South Abilene Unit 108 Aurora, CO 80012 | Computer and peripherals rentals | 5/2003 to present |
| B & E Business Center | 26-0238790 | 700 14th Street Denver, CO 80202 | Business center | 5/2007 - present |

☒ None
   b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME _____     ADDRESS _____

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.  (An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

      **19.**    **Books, records and financial statements**

☐ None
   a.    List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Perry J. Woolley Padgett Business Services 11108 County Down Drive Austin, TX 78747-1440 | 3/2008 3/2009 4/2010 |

☒ None
   b.    List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| | |

☐ None
   c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME AND ADDRESS |
|---|
| Erik D. Wainionpaa 1690 South Abilene Unit 108 Aurora, CO 80012 |

☒ None
   d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| CIT Small Business Lending Corporation One CIT Drive Livingston, NJ 07039 | 12/2009 |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                Case No. _____

20.     **Inventories**

☒ None
      a.       List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

☒ None
      b.       List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

21.     **Current Partners, Officers, Directors and Shareholders**

☐ None
      a.       If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

Not applicable.

☐ None
      b.       If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

Not applicable.

22.     **Former partners, officers, directors and shareholders**

☐ None
      a.       If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE OF WITHDRAWAL |
|---|---|

Not applicable.

☐ None
      b.       If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

Not applicable.

23.     **Withdrawals from a partnership or distributions by a corporation**

☐ None
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Not applicable.

24.     **Tax Consolidation Group**

☐ None
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

Not applicable.

25.     **Pension Funds**

☒ None
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                     Case No. _____

NAME OF PENSION FUND _____     TAXPAYER IDENTIFICATION NUMBER _____

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: 9/2/2010     Signature of Debtor _____

Date: 9/2/2010     Signature of Joint _____
                   Debtor (if any)

-Page 8 of Statement of Financial Affairs-

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### District of Colorado

In re  ERIK DAVID WAINIONPAA                ,
                        Debtor

Case No. _____

Chapter  7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 194,200.00 | | |
| B - Personal Property | Yes | 5 | $ 55,201.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 365,812.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 339,834.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,843.70 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 2 | | | $ 3,489.00 |
| TOTAL | | 18 | $ 249,401.00 | $ 705,646.00 | |

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

District of Colorado

In re ERIK DAVID WAINIONPAA ,　　　　　　　Case No. _____
　　　　　　　Debtor

Chapter 7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ |

State the following:

| | |
|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | $ |
| 4. Total from Schedule F | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | $ |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                    Case No. _____

SCHEDULE A--REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the Debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G--Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "none" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C--Property Claimed as Exempt.

| SCHEDULE A--REAL PROPERTY | | | | |
|---|---|---|---|---|
| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H, W, J, C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
| Lot 4 Block 2 Creekside at Seven Hills Subdivision 1st Flag<br><br>2761 South Bahama Court Aurora , CO 80013 | Fee Simple | J | $194,200<br>Realtor estimate | $   365,812.00 |
| | | Total: | $   194,200 | |

(Report also on Summary of Schedules.)

In re: Erik D. Wainionpaa and Erica K. Wainionpaa

Case No. _____

## SCHEDULE B--PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H", "W", "J" or "C" in the column labeled "Husband, Wife, Joint, or Community". If the debtor is an individual or if a joint petition is filed, state the amount of any exemptions claimed in the property only in Schedule C--Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G--Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property". If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. 112 and Fed.R.Bankr.P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H, W, J, C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | $                    0 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives | | US Bank Checking Account (Account ending in 1925) | J | $                  151 |
| | | US Bank Savings Account (Account ending in 9588) | J | $                      6 |
| | | US Bank Checking Account (Account ending in 0267) | J | $                      8 |
| | | Navy Federal Checking Account (Account ending in 8966) | H | $                  975 |
| | | Navy Federal Savings Account (Account ending in 6016) | H | $                  558 |
| 3. Security deposits with public utilities, telephone companies landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video and computer equipment. | | See Exhibit A attached hereto Debtors' possession | J | $               2,410 |
| 5. Books, pictures, and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | See Exhibit A attached hereto Debtors' possession | J | $                  200 |
| 6. Wearing apparel. | | See Exhibit A attached hereto Debtors' possession | J | $               1,200 |
| 7. Furs and jewelry. | | See Exhibit A attached hereto Debtors' possession | J | $               4,200 |
| 8. Firearms and sports, photographic and other hobby equipment. | | See Exhibit A attached hereto Debtors' possession | J | $                  400 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | State Farm Whole Life Insurance (Account ending in 2776) | H | $               2,198 |
| | | State Farm Select Life Insurance (Account ending in 0834) | H | $                      0 |
| | | State Farm Universal Life Insurance (Account ending in 2729) | W | $               8,162 |
| | | State Farm Term Life Insurance (Account ending in 0157) | W | $                      0 |
| | | North Western Mutual Level Term 20 (Account ending in 9306) | H | $                      0 |
| | | LSW Life Insurance (Child) (Account ending in 4862) | J | $                    25 |
| | | LSW Life Insurance (Child) (Account ending in 4859) | J | $                      0 |
| 10. Annuities. Itemize and name each issuer. | X | | | $                      0 |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                    Case No. _____

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H, W, J, C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521©). | X | | | $                          0 |
| 12. Interests in IRA, ERISA, Keogh or other pension or profit sharing plans. Give particulars. | | IRA - MFS | J | $                    11,412 |
| | | IRA - MFS | J | $                    16,295 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | ABS Computer Rentals, Inc. 100% ownership | J | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | | B&E Business Centers Partnership Interest 49% ownership | J | Unknown |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | $                          0 |
| 16. Accounts receivable. | X | | | $                          0 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $                          0 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $                          0 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A--Real Property. | X | | | $                          0 |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $                          0 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | X | | | $                          0 |
| 22. Patents, copyrights and other intellectual property. Give particulars. | X | | | $                          0 |
| 23. Licenses, franchises and other general intangibles. Give particulars. | X | | | $                          0 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. 101(41)(A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $                          0 |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | 1995 Toyota 4 Runner | J | $                    2,500 |
| | | 2001 Toyota Sienna | J | $                    4,500 |
| 26. Boats, motors and accessories. | X | | | $                          0 |
| 27. Aircraft and accessories. | X | | | $                          0 |
| 28. Office equipment, furnishings and supplies. | X | | | $                          0 |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | $                          0 |
| 30. Inventory. | X | | | $                          0 |
| 31. Animals. | X | | | $                          0 |
| 32. Crops--growing or harvested. Give particulars. | X | | | $                          0 |
| 33. Farming equipment and implements. | X | | | $                          0 |
| 34. Farm supplies, chemicals and feed. | X | | | $                          0 |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | $                          0 |
| | | | Total | $                    55,201 |

_____ continuation sheets attached
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

| Household Goods & Furnishings | Value | Art Objects | Books |
|---|---|---|---|
| Computer & Monitor | $ 350.00 | No art of value | No books of value |
| Stereo & DVD Player | $ 175.00 | | |
| Wii & Play Station 2 | $ 225.00 | | |
| 3 couches | $ 150.00 | | |
| 3 beds | $ 200.00 | | |
| 3 dressers | $ 400.00 | | |
| Piano | $ 600.00 | | |
| Kitchen table | $ 100.00 | | |
| 6 chairs | $ 100.00 | | |
| 3 bookcases | $ 50.00 | | |
| 2 Desks | $ 60.00 | | |
| | $ 2,410.00 | | |

**CD 521**

| Collections | CD/DVD | Jewelry | Value | Furs |
|---|---|---|---|---|
| No Collections of value | Collection worth $200 | Wedding Rings | $ 3,600.00 | No Furs |
| | | Small Diamond Necklace | $ 400.00 | |
| | | Other misc jewelry | $ 200.00 | |

$ 4,200.00

**CD 522**

| Clothing | | | Other Personal | Value |
|---|---|---|---|---|
| Erik | $ | 500.00 | Bikes | $ 300.00 |
| Erica | $ | 400.00 | Skis | $ 100.00 |
| Ashleigh | $ | 150.00 | | |
| Luke | $ | 150.00 | | |
| | $ | 1,200.00 | | $ 400.00 |

**CD 523**

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                    Case No. _____

SCHEDULE C--PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under (Check one):      □ Check if debtor claims a homestead exemption that exceeds $136875.

□ 11 U.S.C. 522(b)(2)
☒ 11 U.S.C. 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| The necessary wearing apparel of the debtor described on Schedule B, No. 6 | 13-54-102(1)(a) | $ 1,200 | $ 1,200 |
| The watches and jewelry of the debtor described on Schedule B, No. 7 | 13-54-102(1)(b) | $ 4,000 | $ 4,200 |
| The library, family pictures and school books of the debtor described on Schedule B, No. 5 | 13-54-102(1)(c) | $ 200 | $ 200 |
| The household goods of the debtor described on Schedule B, No. 4 | 13-54-102(1)(e) | $ 2,410 | $ 2,410 |
| Provisions and fuel on hand | 13-54-102(1)(f) | $ 600 | $ 600 |
| The debtor's automobile described on Schedule B, No. 28 | 13-54-102(1)(j) | $ 10,000 | $ 7,000 |
| The debtor's retirement plan described on Schedule B, No. 12 | 13-54-102(1)(s) | $ 27,707 | $ 27,707 |
| 75% of the wages owing to the debtor on the date of filing described as accounts receivable on Schedule B, No. 16 | 13-54-104 | | |
| The debtor's homestead<br>2761 South Baham Court<br>Aurora, CO 80013 | 38-41-201(1)(a) | $ 60,000 | $ 194,200 |

-Page 1 of Schedule C-

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

SCHEDULE D--CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. 112 and F.R.Bankr.P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J" or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, If Any" in the boxes labeled Total(s) on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, If Any" on the Statistical Summary of Certain Liabilities and Related Debt.

☐ Check this space if the debtor has no creditors holding secured claims to report on this Schedule D.

| SCHEDULE D--CREDITORS HOLDING SECURED CLAIMS | | | | | | |
|---|---|---|---|---|---|---|
| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | H, W, J, C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
| ACCOUNT NO. PLP6276414009<br><br>CIT Small Business Lending Corporation<br>P.O. Box 277280<br>Atlanta, GA 3384 | | J | Small Business Loan Secured by Third Mortgage<br>2761 South Bahama Court<br>Aurora, CO 80013<br><br>VALUE $ 194,200.00 Estimate | | $ 179,820.00 | $ 171,612.00 |
| ACCOUNT NO. 7884171503<br><br>US Bank<br>4801 Frederica Street<br>Owensboro, KY 42301 | | J | First mortgage loan<br>2761 South Bahama Court<br>Aurora, CO 80013<br><br>VALUE $ 194,200.00 Estimate | | $ 147,130.00 | $ 0.00 |
| ACCOUNT NO. 3000122621<br><br>US Bank, Tech Center Office<br>P.O. Box 790179<br>St. Louis, MO 63179-0179 | | J | Second mortgage loan<br>2761 South Bahama Court<br>Aurora, CO 80013<br><br>VALUE $ 194,200.00 Estimate | | $ 38,862.00 | $ 0.00 |
| | | | Total: | | $ 365,812.00 | $ 171,612.00 |
| | | | | | (Report total also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                                          Case No. _____

SCHEDULE E--CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

      A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

      The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. 112 and Fed.R. Bankr. P. 1007(m).

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H--Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J" or "C" in the column labeled "Husband, Wife, Joint or Community".  If the claim is contingent, place an "X" in the colum labeled "Contingent." If the claim is unliquidated, place an "X" is the colum labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

      Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total: on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

      Report the total of amounts entitled to priority listed on each sheet in the Box labeled "Subtotals" on each sheet.  Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

      Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this if debtor has no creditors holding unsecured priority claim to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

      Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. 507(a)(1).

☐ Extensions of credit in an involuntary case

      Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. 507(a)(3)

☐ **Wages, Salaries, and Commissions**

      Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(4).

☐ **Contributions to Employee Benefit Plans**

      Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(5).

☐ **Certain Farmers and Fishermen**

      Claims of certain farmers and fishermen, up to a maximum of $5,400 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. 506(a)(6).

☐ **Deposits by Individuals**

      Claims of individuals up to $2,425 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. 507(a)(7).

☐ **Taxes and Other Certain Debts Owed to Governmental Units**

      Taxes, customs, duties, and penalties owing to federal, state and local governmental units as set forth in 11 U.S.C. 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

      Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                              Case No. _____

Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. 507(a)(9)

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| SCHEDULE E--CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | | | | | | | |
|---|---|---|---|---|---|---|---|
| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CO-DEBTOR | H, W, J, C | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM | CONTINGENT UNLIQUI-ATED DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
| | | | | **Total:** | $          0.00 | (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | |
| | | | | | (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

## SCHEDULE F--CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Does, guardian." Do not disclose the child's name. See, 11 U.S.C. 112 and Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim b placing an "H", "W", "J" or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if the debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CO-DEBTOR | H, W, J, C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4339930022171948<br><br>Bank of America<br>P.O. Box 15710<br>Wilmington, DE 19886 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card -Business Expenses | | | | $ 7,160.64 |
| ACCOUNT NO.<br><br>Borgerding, Robert M.<br>7559 South Cove Circle<br>Centennial, CO 80122 | | H | Various Dates<br>Debt Incurred for: Business Loan and deferred compensation. | | | | $ 168,632.48 |
| ACCOUNT NO. 4388576010171448<br><br>Chase Mileage Plus<br>P.O. Box 94014<br>Palatine, IL 60094 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card - Business Expenses | | | | $ 36,132.82 |
| ACCOUNT NO. 4266902026026839<br><br>Chase Disney Rewards<br>P.O. Box 94014<br>Palatine, IL 60094 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card - Business Expenses | | | | $ 6,666.24 |
| ACCOUNT NO.<br><br>Colorado Industrial Portfolio LLC<br>c/o Etkin Johnson Company LLC<br>1512 Larimer Street, Suite 325<br>Denver, CO 80202 | | H | May 12, 2003<br>Debt Incurred for: Business Lease. | | | | $ 27,912.60 |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CO-DEBTOR | H, W, J, C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 371272307811006<br><br>Delta American Express<br>P.O. 650448<br>Dallas, TX 75265 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card - Business Expenses | | | | $    7,545.04 |
| ACCOUNT NO. 6011398672685222<br><br>Discover Card<br>P.O. Box 6103<br>Carol Stream, IL 60197 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card - Business Expenses | | | | $    159.22 |
| ACCOUNT NO. 619806<br><br>Innovative Bank<br>360 14th Street<br>Oakland, CA 94612 | | J | Various Dates<br>Debt Incurred for: Business Loan. | | | | $    18,000.00 |
| ACCOUNT NO. 1674714<br><br>MBF Leasing, LLC<br>16W281 West 83rd Street<br>Burr Ridge, IL 60527 | | H | Various Dates<br>Debt Incurred for: Equipment Lease. | | | | Unknown |
| ACCOUNT NO. 4037695182002283<br><br>US Bank Credit Card<br>P.O. Box 790408<br>St. Louis, MO 63179 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card - Business Expenses | | | | $    20,153.43 |
| ACCOUNT NO.194313111925<br><br>US Bank Reserve Line<br>P.O. Box 790408<br>St. Louis, MO 63179 | | J | Various Dates<br>Debt Incurred for:<br>Checking Reserve Line | | | | $    4,503.71 |
| ACCOUNT NO. 4190080859212072<br><br>US Bank Credit Line<br>P.O. Box 790408<br>St. Louis, MO 63179 | | J | Various Dates<br>Debt Incurred for:<br>Credit Line for business | | | | $    19,031.77 |
| ACCOUNT NO. 4856200260707708<br><br>Wells Fargo Credit Card<br>P.O. Box 348750<br>Sacramento, CA 95834 | | J | Various Dates<br>Debt Incurred for:<br>Credit Card - Business Expenses | | | | $    3,648.67 |
| ACCOUNT NO. 5474648802955775<br><br>Wells Fargo Credit Line<br>P.O. Box 348750<br>Sacramento, CA 95834 | | H | Various Dates<br>Debt Incurred for:<br>Business Credit Card: Business Expenses | | | | $    20,287.88 |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                   Case No. _____

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | CO-DEBTOR | H, W, J, C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

|  |  |
|---|---|
| Total | $    339,834.50 |

_____ continuation sheets attached
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re: Erik D. Wainionpaa and Erica K. Wainionpaa          Case No. _____

## SCHEDULE G--EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e. "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒          Check if debtor has no executory contracts or unexpired leases.

| SCHEDULE G--EXECUTORY CONTRACTS AND UNEXPIRED LEASES | |
| --- | --- |
| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NON-RESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| | |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

### SCHEDULE H--CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the non-debtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a co-debtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐        Check if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ABS Computer Rentals Inc.<br>1690 South Abilene Street<br>Unit 108<br>Aurora, CO 80012 | Bank of America<br>P.O. Box 15710<br>Wilmington, DE 19886<br><br>Borgerding, Robert M.<br>7559 South Cove Circle<br>Centennial, CO 80122<br><br>CIT Small Business Lending Corporation<br>P.O. Box 277280<br>Atlanta, GA 3384<br><br>Colorado Industrial Portfolio LLC<br>c/o Etkin Johnson Company LLC<br>1512 Larimer Street, Suite 325<br>Denver, CO 80202<br><br>Delta American Express<br>P.O. 650448<br>Dallas, TX 75265<br><br>Discover Card<br>P.O. Box 6103<br>Carol Stream, IL 60197<br><br>Wells Fargo Credit Card<br>P.O. Box 348750<br>Sacramento, CA 95834 |

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                    Case No. _____

SCHEDULE I—CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Married | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| | Ashleigh Wainionpaa | 9 | Daughter |
| | Luke Wainionpaa | 7 | Son |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Self-employed | Payroll, Human Resources, Accounts Payable Receivable, Accounts Receivable |
| Name of Employer | ABS Computer Rental Inc. | Palo Duro Hardwoods |
| How long employed | 4 Years | Palo Duro Hardwoods - 2  Months |
| Address of Employer | 1690 South Abilene Street, Unit 108, Aurora, CO 80012 | Palo Duro Hardwoods -12875 East 42nd Avenue, Suite 1, Denver, CO 80239 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 1,400 | $ | 1,803.90 |
| 2. Estimated monthly overtime | $ | 0 | $ | 0 |
| 3. SUBTOTAL | $ | 1,400 | $ | 1,803.90 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | -178 | $ | - 182.20 |
| b. Insurance | $ | 0 | $ | 0 |
| c. Union dues | $ | 0 | $ | 0 |
| d. Other (specify) | $ | 0 | $ | 0 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 178 | $ | 182.20 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 1,222 | $ | 1,621.70 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0 | $ | 0 |
| 8. Income from real property | $ | 0 | $ | 0 |
| 9. Interest and dividends | $ | 0 | $ | 0 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0 | $ | 0 |
| 11. Social security or other government assistance (Specify) _____ | $ | 0 | $ | 0 |
| 12. Pension or retirement income | $ | 0 | $ | 0 |
| 13. Other monthly income (Specify)_____ | $ | 0 | $ | 0 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0 | $ | 0 |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ | 1,222 | | 1,621.70 |

16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15) $2843.70

(Report also on Summary of Schedules and if applicable on Statistical Summary of Certain Liabilities and Related Data.)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:  We are working diligently to build additional clients to increase our income.

-Page 1 of Schedule I-

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

## SCHEDULE J--CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐        Check if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,200 |
|     a.  Are real estate taxes included?          Yes ✔ ; No____ | $ | 130 |
|     b.  Is property insurance included?         Yes ✔ ; No____ | | |
| 2. Utilities:    a.  Electricity and heating fuel | $ | 150 |
|         b.  Water and sewer | $ | 65 |
|         c.  Telephone | $ | 150 |
|         d.  Other: HOA | $ | 45 |
|         e.  Other: Cable Television/Internet | $ | 0 |
|         f. Other: Trash  Pickup | $ | 17 |
| 3. Home maintenance (repairs and upkeep) | $ | 50 |
| 4. Food | $ | 700 |
| 5. Clothing | $ | 50 |
| 6. Laundry and dry cleaning | $ | 10 |
| 7. Medical and dental expenses | $ | 75 |
| 8. Transportation (not including car payments) Gasoline, Maintenance and Taxes | $ | 205 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 175 |
| 10. Charitable contributions | $ | 100 |
| 11. Insurance (not deducted from wages or included on home mortgage payments) | | |
|     a.  Homeowner's or renter's | $ | 0 |
|     b.  Life | $ | 0 |
|     c.  Health | $ | 0 |
|     d.  Auto | $ | 267 |
|     e.  Other: | $ | 0 |
| | $ | 0 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) Real Estate | | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a.  Auto | $ | 0 |
|     b.  Other: | $ | 0 |
|     c.  Other: Children's school lunches and field trips | $ | 100 |
| 14. Alimony, maintenance, and support paid to others | $ | 0 |
| 15. Payments for support of additional dependents not living at your home | $ | 0 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0 |
| 17. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ | 3,489 |

18.  Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

     Debtors anticipate they will have a housing expense, including taxes and insurance, which the Debtors are unable to pay at the time of filing.

In re: Erik D. Wainionpaa and Erica K. Wainionpaa                    Case No. _____

20. STATEMENT OF MONTHLY NET INCOME

    a. Average monthly income from Line 15 of Schedule I          $ 2843.70
    b. Average monthly expenses from Line 17 above.             $ 3489.00
    c. Monthly net income (a. minus b.)                  (- $645.30)

In Re:  Erik D. Wainionpaa and Erica K. Wainionpaa                                    Case No. _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _17_ sheets and that they are true and correct to the best of my knowledge, information and belief.

DATE: _9/2/2010_     SIGNATURE: _____     Debtor

DATE: _9/2/2010_     SIGNATURE: _Erica Wainionpaa_     Joint Debtor, if any

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY
### BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name of Bankruptcy Petition Preparer                    Social Security Number

_____

_____
Address                                           Telephone No.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____
Signature of Bankruptcy Petition Preparer

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. 110; 18 U.S.C. 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ (president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets  and that they are true and correct to the best of my knowledge, information, and belief.

DATE: _____     SIGNATURE: _____

_____     Print or type name of individual signing on behalf of debtor.

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sec. 152 and 3571*

**UNITED STATES BANKRUPTCY COURT**
**District of Colorado**

In Re:                                    )
                                          )
ERIK DAVID WAINIONPAA and                 )        Case No. _____
ERICA KRISTINE WAINIONPAA                 )
                                          )        Chapter 7
        Debtors.                          )

---

### VERIFICATION OF CREDITOR MATRIX

---

        The Debtors, ERIK D. WAINIONPAA and ERICA K. WAINIONPAA hereby verify that the attached matrix list of creditors is true and correct to the best of our knowledge.

        Date: ___9/ 2/ 2010___

                                        _____
                                        Debtor
                                        _____
                                        Joint Debtor

B 22A (Official Form 22A) (Chapter 7) (04/10)

In re  Erik David Wainionpaa
                Debtor(s)

Case Number: _____
            (If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**
☑ **The presumption does not arise.**
☐ **The presumption is temporarily inapplicable.**

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|

| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
|---|---|
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☑ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>　　☐ I remain on active duty /or/<br>　　☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>　　OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>　　☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                                    2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. |
|---|---|
| | a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |
| | d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|
| | a. | Gross receipts | $ | | |
| | b. | Ordinary and necessary business expenses | $ | | |
| | c. | Business income | Subtract Line b from Line a | $ | $ |

| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|
| | a. | Gross receipts | $ | | |
| | b. | Ordinary and necessary operating expenses | $ | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | $ | $ |

| 6 | **Interest, dividends and royalties.** | $ | $ |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____   Spouse $ _____ | $ | $ |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                                     3

| 10 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
|---|---|---|---|---|
| | a. | $ | | |
| | b. | $ | | |
| | Total and enter on Line 10 | | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | | $ | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | | $ | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence: _____    b. Enter debtor's household size: _____ | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.  ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.  ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | | |
|---|---|---|---|
| 16 | **Enter the amount from Line 12.** | | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If you did not check box at Line 2.c, enter zero. | | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | Total and enter on Line 17. | | $ |
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                                    4

| | |
|---|---|
| **19B** | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. |

| Household members under 65 years of age | | Household members 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per member | a2. | Allowance per member | |
| b1. | Number of members | b2. | Number of members | |
| c1. | Subtotal | c2. | Subtotal | $ |

| | | |
|---|---|---|
| **20A** | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |

| | |
|---|---|
| **20B** | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** |

| | | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| **21** | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____<br>_____ | $ |

| | | |
|---|---|---|
| **22A** | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| **22B** | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                      5

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** |  |  |
|---|---|---|---|
|  | a. | IRS Transportation Standards, Ownership Costs | $ |  |
|  | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |  |
|  | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** |  |  |
|---|---|---|---|
|  | a. | IRS Transportation Standards, Ownership Costs | $ |  |
|  | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |  |
|  | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                                          6

| | **Subpart B: Additional Living Expense Deductions** | |
|---|---|---|
| | **Note: Do not include any expenses that you have listed in Lines 19-32** | |
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
| | a. Health Insurance $ | |
| | b. Disability Insurance $ | |
| | c. Health Savings Account $ | |
| | Total and enter on Line 34 | $ |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                 7

## Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |
|---|---|---|---|---|

| 42 | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|---|
| | a. | | | $ | ☐ yes ☐ no | |
| | b. | | | $ | ☐ yes ☐ no | |
| | c. | | | $ | ☐ yes ☐ no | |
| | | | | Total: Add Lines a, b and c. | | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| 43 | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|---|
| | a. | | | $ | |
| | b. | | | $ | |
| | c. | | | $ | |
| | | | | Total: Add Lines a, b and c | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| 45 | a. | Projected average monthly chapter 13 plan payment. | $ | |
|---|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                 8

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
|----|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 51 is less than $7,025\*** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. <br><br> ☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. <br><br> ☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). |
|----|---|

| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
|----|---|---|
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. <br><br> ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |
|----|---|

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|----|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

## Part VIII: VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* <br><br> Date: 9/2/2010        Signature: _~~~~~~~~~_ (Debtor) <br><br> Date: 9/2/2010        Signature: _Luca Wamonpag_ (Joint Debtor, if any) |
|----|---|

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In Re:                                          )
                                                )
ERIK DAVID WAINIONPAA and                       )       Case No. _____
ERICA KRISTINE WAINIONPAA                        )      Chapter 7
                                                )
        Debtors.                                 )

## NOTICE OF SUBMISSION OF PAYMENT ADVICES

        I, ERIK DAVID WAINIONPAA, declare under penalty of perjury that the attached payment
advices are all payments received within 60 days before the date of the filing of the Petition from any
employer.

Date: 9/ 2/ 2010

_____
Signature of Debtor

Page 1

**ABS COMPUTER RENTALS INC**

7/1/2010

1690 SOUTH ABILENE STREET
UNIT 108
AURORA, CO 80012-0000

NON-NEGOTIABLE

**PAY TO THE
ORDER OF**    ERIK WAINIONPAA
2761 SOUTH BAHAMA COURT

AURORA, CO 80013-0000

NET   $554.10

FIVE HUNDRED FIFTY-FOUR & 10/100******************    **DOLLARS**

| CHECK DATE 7/1/2010 | PERIOD START 6/13/2010 | EMPLOYEE ID ***-**-3972 | NET PAY $554.10 |
|---|---|---|---|
| | PERIOD END 6/26/2010 | | |

## EARNINGS

| Type | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| SALARY | | | $600.00 | $4,800.00 |
| **TOTALS** | | | $600.00 | $4,800.00 |

## TAXES

| Type | Current | YTD |
|---|---|---|
| FED WTH | $.00 | $115.77 |
| FICA | $37.20 | $297.60 |
| MEDFICA | $8.70 | $69.60 |
| STATE-CO | $.00 | $53.00 |
| **TOTALS** | $45.90 | $535.97 |

## DEDUCTIONS

| Type | Current | YTD |
|---|---|---|
| **TOTALS** | $.00 | $.00 |

## OTHER PAY INFORMATION FOR PAY PERIOD

| Type | Current | YTD |
|---|---|---|
| **TOTALS** | | |

## BENEFIT INFORMATION FOR PAY PERIOD

| Benefit Type | Used This Period | Earned This Period | Closing Balance | Earned YTD | Used YTD |
|---|---|---|---|---|---|

**ABS COMPUTER RENTALS INC**                                             7/14/2010

1690 SOUTH ABILENE STREET
UNIT 108
AURORA, CO 80012-0000

NON-NEGOTIABLE

| | |
|---|---|
| **PAY TO THE ORDER OF** | ERIK WAINIONPAA<br>2761 SOUTH BAHAMA COURT | **NET** $1,387.83 |

AURORA, CO 80013-0000

ONE THOUSAND THREE HUNDRED EIGHTY-SEVEN & 83/100**   **DOLLARS**

---

| **CHECK DATE** 7/14/2010 | **PERIOD START** 6/27/2010 | **EMPLOYEE ID** ***-**-3972 | **NET PAY** $1,387.83 |
|---|---|---|---|
| | **PERIOD END** 7/10/2010 | | |

## EARNINGS

| Type | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| SALARY | | | $1,600.00 | $6,400.00 |
| **TOTALS** | | | **$1,600.00** | **$6,400.00** |

## TAXES

| Type | Current | YTD |
|---|---|---|
| FED WTH | $55.77 | $171.54 |
| FICA | $99.20 | $396.80 |
| MEDFICA | $23.20 | $92.80 |
| STATE-CO | $34.00 | $87.00 |
| **TOTALS** | **$212.17** | **$748.14** |

## DEDUCTIONS

| Type | Current | YTD |
|---|---|---|
| **TOTALS** | **$.00** | **$.00** |

## OTHER PAY INFORMATION FOR PAY PERIOD

| Type | Current | YTD |
|---|---|---|
| **TOTALS** | | |

## BENEFIT INFORMATION FOR PAY PERIOD

| Benefit Type | Used This Period | Earned This Period | Closing Balance | Earned YTD | Used YTD |
|---|---|---|---|---|---|

**ABS COMPUTER RENTALS INC**

7/29/2010

1690 SOUTH ABILENE STREET
UNIT 108
AURORA, CO 80012-0000

NON-NEGOTIABLE

| PAY TO THE ORDER OF | ERIK WAINIONPAA | NET | $1,678.23 |
|---|---|---|---|
| | 2761 SOUTH BAHAMA COURT | | |

AURORA, CO 80013-0000

ONE THOUSAND SIX HUNDRED SEVENTY-EIGHT & 23/100***   **DOLLARS**

| CHECK DATE | 7/29/2010 | PERIOD START | 7/11/2010 | EMPLOYEE ID ***-**-3972 | NET PAY | $1,678.23 |
|---|---|---|---|---|---|---|
| | | PERIOD END | 7/24/2010 | | | |

| EARNINGS | | | | | TAXES | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Type | Hours | Rate | Current | YTD | Type | Current | YTD | Type | Current | YTD |
| SALARY | | | $2,000.00 | $8,400.00 | FED WTH | $115.77 | $287.31 | | | |
| | | | | | FICA | $124.00 | $520.80 | | | |
| | | | | | MEDFICA | $29.00 | $121.80 | | | |
| | | | | | STATE-CO | $53.00 | $140.00 | | | |
| **TOTALS** | | | $2,000.00 | $8,400.00 | **TOTALS** | $321.77 | $1,069.91 | **TOTALS** | $.00 | $.00 |

**OTHER PAY INFORMATION FOR PAY PERIOD**

| Type | Current | YTD |
|---|---|---|
| | | |
| **TOTALS** | | |

**BENEFIT INFORMATION FOR PAY PERIOD**

| Benefit Type | Used This Period | Earned This Period | Closing Balance | Earned YTD | Used YTD |
|---|---|---|---|---|---|
| | | | | | |

**ABS COMPUTER RENTALS INC**

8/11/2010

1690 SOUTH ABILENE STREET
UNIT 108
AURORA, CO 80012-0000

NON-NEGOTIABLE

| PAY TO THE ORDER OF | ERIK WAINIONPAA | NET | $1,532.53 |
|---|---|---|---|
| | 2761 SOUTH BAHAMA COURT | | |

AURORA, CO 80013-0000

ONE THOUSAND FIVE HUNDRED THIRTY-TWO & 53/100*****   **DOLLARS**

---

| CHECK DATE 8/11/2010 | PERIOD START 7/25/2010 | EMPLOYEE ID ***-**-3972 | NET PAY $1,532.53 |
|---|---|---|---|
| | PERIOD END 8/7/2010 | | |

## EARNINGS

| Type | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| SALARY | | | $1,800.00 | $10,200.00 |
| **TOTALS** | | | **$1,800.00** | **$10,200.00** |

## TAXES

| Type | Current | YTD |
|---|---|---|
| FED WTH | $85.77 | $373.08 |
| FICA | $111.60 | $632.40 |
| MEDFICA | $26.10 | $147.90 |
| STATE-CO | $44.00 | $184.00 |
| **TOTALS** | **$267.47** | **$1,337.38** |

## DEDUCTIONS

| Type | Current | YTD |
|---|---|---|
| **TOTALS** | **$.00** | **$.00** |

## OTHER PAY INFORMATION FOR PAY PERIOD

| Type | Current | YTD |
|---|---|---|

TOTALS

## BENEFIT INFORMATION FOR PAY PERIOD

| Benefit Type | Used This Period | Earned This Period | Closing Balance | Earned YTD | Used YTD |
|---|---|---|---|---|---|

**ABS COMPUTER RENTALS INC**                                                      8/25/2010

1690 SOUTH ABILENE STREET
UNIT 108
AURORA, CO 80012-0000

NON-NEGOTIABLE

PAY TO THE   ERIK WAINIONPAA                                  NET  $917.50
ORDER OF     2761 SOUTH BAHAMA COURT

             AURORA, CO 80013-0000

NINE HUNDRED SEVENTEEN & 50/100******************  **DOLLARS**

---

**CHECK DATE**  8/25/2010      **PERIOD START**   8/8/2010      **EMPLOYEE ID**  ***-**-3972      **NET PAY**  $917.50
                               **PERIOD END**    8/21/2010

## EARNINGS

| Type | Hours | Rate | Current | YTD |
|------|-------|------|---------|-----|
| SALARY | | | $1,000.00 | $11,200.00 |
| **TOTALS** | | | **$1,000.00** | **$11,200.00** |

## TAXES

| Type | Current | YTD |
|------|---------|-----|
| FED WTH | $.00 | $373.08 |
| FICA | $62.00 | $694.40 |
| MEDFICA | $14.50 | $162.40 |
| STATE-CO | $6.00 | $190.00 |
| **TOTALS** | **$82.50** | **$1,419.88** |

## DEDUCTIONS

| Type | Current | YTD |
|------|---------|-----|
| **TOTALS** | **$.00** | **$.00** |

## OTHER PAY INFORMATION FOR PAY PERIOD

| Type | Current | YTD |
|------|---------|-----|
| **TOTALS** | | |

## BENEFIT INFORMATION FOR PAY PERIOD

| Benefit Type | Used This Period | Earned This Period | Closing Balance | Earned YTD | Used YTD |
|--------------|------------------|--------------------|-----------------|------------|----------|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In Re: )
)
ERIK DAVID WAINIONPAA and )        Case No. _____
ERICA KRISTINE WAINIONPAA )        Chapter 7
)
Debtors. )

## NOTICE OF SUBMISSION OF PAYMENT ADVICES

I, ERICA KRISTINE WAINIONPAA, declare under penalty of perjury that the attached payment advices are all payments received within 60 days before the date of the filing of the Petition from any employer.

Date: 9/2/10

Signature of Debtor

| PERSONAL AND CHECK INFORMATION | EARNINGS | | | | | |
|---|---|---|---|---|---|---|
| ERICA WAINIONPAA | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| 2761 S BAHAMA CT | REGULAR | 48.00 | 16.3462 | 784.62 | 48.00 | 784.62 |
| AURORA, CO 80013 | | | | | | |
| | GROSS | 48.00 | | 784.62 | 48.00 | 784.62 |

| Soc Sec #: XXX-XX-XXXX   Employee ID: 515 | WITHHOLDINGS | DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|---|---|
| Hire Date: 07/06/10 | | | | |
| Status: | | | | |
| Filing Status: | | OASDI | 48.65 | 48.65 |
| Federal: Married, 3 | | MEDICARE | 11.38 | 11.38 |
| State: CO, Married, 3 | | CO 9140-DDDDD | 5.75 | 5.75 |
| Br/Dept: ST1/600 | | | | |
| | | TOTAL | 65.78 | 65.78 |

**Pay Period:** 07/01/10 to 07/15/10
**Check Date:** 07/15/10      **Check #:** Direct Deposit

**TIME OFF** *(Based On Policy Year)*

| DESCRIPTION | AVAILABLE | USED |
|---|---|---|
| VACATION | 30.000 | 0.000  HOURS |

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CHECKING NET - 8966 | 718.84 | 718.84 |
| Net Pay | 718.84 | 718.84 |

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 718.84 | 718.84 |

*Payrolls by Paychex, Inc.*

0485-DK99 PALO DURO HARDWOODS INC ▪ 12875 EAST 42ND AVE SUITE 1 ▪ DENVER, CO 80239-4830 ▪

**PERSONAL AND CHECK INFORMATION**

ERICA WAINIONPAA
2761 S BAHAMA CT
AURORA, CO 80013

Soc Sec #: XXX-XX-XXXX   **Employee ID:** 515
**Hire Date:** 07/06/10
**Status:**
**Filing Status:**
Federal: Married, 3
State: CO, Married, 3
**Br/Dept:** ST1/600

**Pay Period:** 07/16/10 to 07/31/10
**Check Date:** 07/30/10   **Check #:** Direct Deposit

**TIME OFF** (Based On Policy Year)

| DESCRIPTION | AVAILABLE | USED |
|---|---|---|
| VACATION | 30.000 | 0.000 HOURS |

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CHECKING NET - 8966 | 964.88 | 1683.72 |
| Net Pay | 964.88 | 1683.72 |

**EARNINGS**

| DESCRIPTION | RATE | CURRENT ($) | HOURS | YTD ($) |
|---|---|---|---|---|
| REGULAR | | 1062.50 | 48.00 | 1847.12 |
| **GROSS** | | 1062.50 | 48.00 | 1847.12 |

| WITHHOLDINGS | DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|---|
| | FEDERAL W/H | 3.33 | 3.33 |
| | OASDI | 65.88 | 114.53 |
| | MEDICARE | 15.41 | 26.79 |
| | STATE W/H CO | 13.00 | 13.00 |
| | CO 9140-DDDDD | | 5.75 |
| | **TOTAL** | 97.62 | 163.40 |

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 964.88 | 1683.72 |

*Payrolls by Paychex, Inc.*

**0465-DK99** PALO DURO HARDWOODS INC ▪ 12875 EAST 42ND AVE SUITE 1 ▪ DENVER, CO 80239-4830 ▪

| PERSONAL AND CHECK INFORMATION | | EARNINGS | DESCRIPTION | | | CURRENT ($) | HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|---|
| ERICA WAINIONPAA | | | | | | | | |
| 2761 S BAHAMA CT | | | REGULAR | | | 1062.50 | 48.00 | 2909.62 |
| AURORA, CO 80013 | | | VACATION | 6.00 | 16.3462 | | 6.00 | |
| | | | | | | | | |
| Soc Sec #: XXX-XX-XXXX  Employee ID: 515 | | | **GROSS** | 6.00 | | 1062.50 | 54.00 | 2909.62 |
| Hire Date: 07/06/10 | | | | | | | | |
| Status: | | **WITHHOLDINGS** | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| Filing Status: | | | | | | | | |
| Federal: Married, 3 | | | FEDERAL W/H | | | 3.33 | | 6.66 |
| State: CO, Married, 3 | | | OASDI | | | 65.88 | | 180.41 |
| Br/Dept: ST1/600 | | | MEDICARE | | | 15.41 | | 42.20 |
| | | | STATE W/H CO | | | 13.00 | | 26.00 |
| Pay Period: 08/01/10 to 08/15/10 | | | CO 9140-DDDDD | | | 5.75 | | 11.50 |
| Check Date: 08/13/10    Check #: Direct Deposit | | | | | | | | |
| **TIME OFF** (Based On Policy Year) | | | **TOTAL** | | | 103.37 | | 266.77 |

| DESCRIPTION | AVAILABLE | USED |
|---|---|---|
| VACATION | 24.000 | 6.000 HOURS |

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CHECKING NET - 8966 | 959.13 | 2642.85 |
| **Net Pay** | **959.13** | **2642.85** |

| | NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|---|
| | | 959.13 | 2642.85 |

Payrolls by Paychex, Inc.

0465-DK99 PALO DURO HARDWOODS INC ▪ 12875 EAST 42ND AVE SUITE 1 ▪ DENVER, CO 80239-4830 ▪

**PERSONAL AND CHECK INFORMATION**

ERICA WAINIONPAA
2761 S BAHAMA CT
AURORA, CO 80013

Soc Sec #: XXX-XX-XXXX  **Employee ID: 515**
Hire Date: 07/06/10
Status:
Filing Status:
Federal: Married, 3
State: CO, Married, 3
Br/Dept: ST1/600

Pay Period: 08/16/10 to 08/31/10
Check Date: 08/31/10    **Check #: Direct Deposit**
**TIME OFF** *(Based On Policy Year)*

| DESCRIPTION | AVAILABLE | USED |
|---|---|---|
| VACATION | 24.000 | 6.000 HOURS |

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CHECKING NET - 8966 | 964.88 | 3607.73 |
| **Net Pay** | **964.88** | **3607.73** |

**EARNINGS**

| DESCRIPTION | HRS/UNITS | RATE | CURRENT ($) | YTD HRS/UNITS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR | | | 1062.50 | 48.00 | 3972.12 |
| VACATION | | | | 6.00 | |
| *HOURS WORKED* | | | | 48.00 | |
| *ADJ EARNINGS* | | | 1062.50 | | 3972.12 |
| *GROSS EARNINGS* | | | 1062.50 | 54.00 | 3972.12 |

| WITHHOLDINGS | DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|---|
| | FEDERAL W/H | 3.33 | 9.99 |
| | OASDI | 65.88 | 246.29 |
| | MEDICARE | 15.41 | 57.61 |
| | STATE W/H CO | 13.00 | 39.00 |
| | CO 9140-DDDDD | | 11.50 |
| | *TOTAL* | 97.62 | 364.39 |

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 964.88 | 3607.73 |

*Payrolls by Paychex, Inc.*

**0465-DK99** PALO DURO HARDWOODS INC ▪ 12875 EAST 42ND AVE SUITE 1 ▪ DENVER, CO 80239-4830 ▪